UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN COLLINS, Revenue Officer, et al., | 1:09-cv-00956-OWW-SMS |
| Petitioners, | ORDER DISCHARGING ORDER TO SHOW CAUSE (DOC. 3) |
| v. | |
| ANDRE PAUL PROVOST, JR., et al., | FINDINGS AND RECOMMENDATION RE: PETITION TO ENFORCE IRS SUMMONS (DOC. 1) |
| Respondent. | |

Petitioners are proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-303. Pending before the Court is a petition to enforce a summons issued by the Internal Revenue Service (IRS) to Respondent.

After various continuances were granted in order to permit ultimately unsuccessful efforts to obtain voluntary compliance with the summons, the petition came on regularly for hearing on November 13, 2009, at 9:30 a.m. in Courtroom 7 before the Honorable Sandra M. Snyder, United States Magistrate Judge. Jeffrey James Lodge appeared on behalf of Petitioners, and Andre Paul Provost, Jr., appeared on his own behalf. The Court had

1

reviewed the petition, all supporting papers, and all papers submitted by Respondent. After argument, the matter was submitted to the Court for preparation of findings and recommendations.

### I. Discharging Order to Show Cause

Respondent having appeared pursuant to the order to show cause, it IS ORDERED that the order to show cause BE DISCHARGED.

### II. Petition to Enforce IRS Summons

#### A. Background

Agent Collins declared that as a duly commissioned revenue officer employed by the IRS, she was authorized to issue the IRS summons pursuant to 26 U.S.C. § 7602; she did so in the course of conducting an investigation of the tax liabilities of Respondent for the tax years 1995 through 1997. Collins declared that she believed from her knowledge of financial practices that Respondent had knowledge that could aid in carrying out the investigation. Collins issued an IRS summons on August 12, 2008, directing Respondent to appear before her on September 17, 2008, to provide testimony and documents relating to the investigation. (Decl. ¶¶ 1-3.) She left an attested copy of the summons at Respondent's usual place of abode on August 13, 2008. (Id. ¶ 4.)

An order to show cause issued on June 17, 2009, and was served on Respondent on July 1, 2009; it directed Respondent to appear and the filing of a written response. Petitioner filed papers, but they were returned as not recognizable or proper legal filings by order dated July 14, 2009. The matter was continued at the request of both parties; in September, Respondent filed motions to abate the proceedings to permit settlement and a notice in which he stated that he previously

2

failed to respond because of misunderstanding of his duties, and he indicated a desire to settle the matter. (Docs. 11, 12.) Petitioners asked for a further continuance until the end of October in order to meet with Respondent to obtain voluntary compliance with the subpoena. (Doc. 13.)

An order resetting the hearing on the order to show cause to November 13, 2009, was served on Respondent by mail on September 23, 2009. On that date the Court ordered Respondent to meet with Revenue Officer Marilyn Collins within forty-five days. The meeting was held, but Respondent did not comply with the summons.

Respondent filed two very similar documents declaring that Respondent had revoked a power of attorney in late October (Docs. 16 and 17).

Pursuant to the Court's directions, both parties timely filed status reports before the hearing. Plaintiff also filed notices that appear to relate not to the summons, but rather to the merits of the underlying tax recovery proceedings. (Docs. 21, 22.)

### B. The Merits of the Petition

At the hearing, Petitioners stated that although a meeting had taken place, Respondent had refused to answer questions or turn over any documents; thus, Petitioners were not anticipating settlement, and they requested enforcement of the summons. Respondent requested forgiveness and asked to settle the case.

In light of the previously unsuccessful meeting concerning voluntary compliance, and in order to ensure that Petitioners are not deprived of the relief to which they have established that they are entitled, the Court considers the merits of the

3

petition.

The IRS is authorized to examine papers or data which may be relevant or material in determining the correctness of a tax return or the liability of any person for any internal revenue tax. 26 U.S.C. § 7602(a)(1). It has the authority to issue summonses for the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax, or collecting any such liability. 26 U.S.C. § 7602(a); Crystal v. United States, 172 F.3d 1141, 1143 (9th Cir.1999).

To defeat a motion to quash, or in order to enforce an IRS summons, the government has the initial burden of proving that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to the purpose; (3) seeks information not already within the IRS's possession; and (4) satisfies all of the administrative steps required by the Internal Revenue Code. United States v. Powell, 379 U.S. 48, 57-58 (1964); Crystal v. United States, 172 F.3d at 1143-44. The government's burden is a slight one that may be satisfied by a declaration from the investigating agent that these requirements have been met. United States v. Abrahams, 905 F.2d 1276, 1280 (9th Cir.1990); Liberty Financial Servs. v. United States, 778 F.2d 1390, 1392 (9th Cir.1985). Once the prima facie case is made, a heavy burden falls upon the taxpayer to show an abuse of process, Abrahams, 905 F.2d at 1280; Liberty Financial, 778 F.2d at 1392, or the lack of institutional good faith, Anaya, 815 F.2d at 1377. United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993).

The summons to Respondent Provost summoned him to appear

4

before Officer Collins, to give testimony, and to bring with him and to produce for examination papers and other data relating to the tax liability, collection thereof, or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning Respondent for the relevant periods, including all documents in his possession and control reflecting the assets and liabilities of the taxpayer, including but not limited to all bank statements, checkbooks, canceled checks, savings account passbooks, and records of certificates of deposit, for the period January 1, 2007, to May 31, 2008, regarding accounts or assets held in the taxpayer's name or for his benefit; and all of records or documents regarding stocks and bonds, deeds or contracts regarding real property, current registration certificates for motor vehicles, and life or health insurance policies currently in force, either owned, wholly or partially, by the taxpayer, or in which the taxpayer has a security interest, or held for the benefit of the taxpayer, so that a collection information statement could be prepared. (Decl. Ex. A.)

　　Collins declared that Respondent did not appear on September 17, 2008, and he failed to provide testimony and documents as required by the summons. Respondent's failure to comply continues, and the information sought by the summons is not already in the possession of the IRS. (Decl. ¶¶ 5-7.) Further, all administrative steps required by the IRS had been undertaken, and no criminal referral to the Department of Justice was in effect with respect to Respondent's tax liability for the subject years. (Id. ¶¶ 8-9.)

5

1  Petitioners have shown that Respondent has received the
2 required notice. Petitioners have established that the subpoena
3 was issued for a legitimate purpose and seeks information
4 relevant to the purpose that is not already within the IRS's
5 possession; further, it is demonstrated that all of the
6 administrative steps required by the Internal Revenue Code have
7 been satisfied. A prima facie case has been made. <u>United States</u>
8 <u>v. Dynavac, Inc.</u>, 6 F.3d 1407, 1414 (9th Cir. 1993).

9  Respondent has not submitted any evidence of bad faith or
10 improper purpose.

11  Respondent attempts to use the status report as a vehicle
12 for lodging an untimely response to the order to show cause. In
13 the interest of eliminating further delay and addressing
14 Respondent's contentions on the merits, the issues raised therein
15 will be addressed.

16  Respondent argues that Officer Collins "may have
17 misrepresented herself" as an officer or employee of the United
18 States Government. However, Officer Collins declared that she was
19 a duly commissioned revenue officer employed by the IRS in Fresno
20 who was authorized to issue summonses pursuant to the authority
21 contained in 26 U.S.C. § 7602 and 26 C.F.R. §301.7602-1. (Decl.
22 in Supp. of Pet., ¶ 1.) Respondent does not provide evidence to
23 the contrary. Further, it is established that the IRS is an
24 agency of the United States. 26 U.S.C. § 7801; <u>Donaldson v.</u>
25 <u>United States</u>, 400 U.S. 517, 534 (1971); <u>Salman v. Department of</u>
26 <u>Treasury-Internal Revenue</u>, 899 F.Supp. 471, 471-72 (D.Nev. 1995).

27  Respondent asserts without supporting evidence that Officer
28 Collins provided no delegation of authority authorizing her

6

actions. However, it is established that the authority of IRS employees is derived from the provisions of the Internal Revenue Code. <u>See</u>, 26 U.S.C. § 7602 (authorizing the examination of papers to determine tax liability and collect taxes). Respondent cites no authority requiring any specific indicia of authority.

Respondent asserts that Officer Collins stated that no contract existed between Respondent and the IRS. The legal significance of this assertion is unclear but does not appear to affect the legal sufficiency of the petition before this Court.

Respondent argues that the government cannot compel self-incrimination through a United States Attorney or otherwise, and that it would be a violation of the Fifth Amendment.

The Fifth Amendment provides that no person shall be compelled in any criminal case to be a witness against himself. The Fifth Amendment applies when the accused is compelled to make a testimonial communication that is incriminating. <u>Fisher v. United States</u>, 425 U.S. 391, 408 (1976). The privilege protects against any disclosures that the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used. <u>Kastigar v. United States</u>, 406 U.S. 441, 444-45 (1972). The claimant of the privilege has the burden to submit sufficient evidence to make it evident, in view of the implications of the question in the setting in which it is asked and in light of the peculiarities of the case, that a responsive answer to a question might be dangerous because injurious disclosure could result. <u>Hoffman v. United States</u>, 341 U.S. 479, 486-87 (1951); <u>United States v. Drollinger</u>, 80 F.3d 389, 392 (9th Cir. 1996). The privilege is validly invoked only

where there are substantial hazards of self-incrimination that are real and appreciable, not merely imaginary and unsubstantial. United States v. Brown, 918 F.2d 82, 84 (9th Cir. 1990).

Generally a Fifth Amendment privilege cannot be invoked as a means to justify the mere refusal to produce documents in a summons enforcement proceeding. See, United States v. Rylander, 460 U.S. 752, 757-58 (1983) (holding it was not unfair to put the burden of showing impossibility of compliance on a taxpayer who claimed a privilege against self-incrimination with respect to answering questions). To be privileged under the Fifth Amendment, an accused's communication must be testimonial; that is, it must itself explicitly or implicitly relate a factual assertion or disclose information. Doe v. United States, 487 U.S. 201, 209-10 (1988). Thus, the privilege typically does not protect the production of documents or records voluntarily prepared, even if the contents are incriminatory. United States v. Doe, 465 U.S. 605, 610 (1984) (noting that a subpoena that demands production of documents generally does not compel oral testimony or compel the restating, repetition of, or affirmance of the truth of the contents of documents sought); Fisher v. United States, 425 U.S. 391, 408-13 (1976). Given the nature of the documents subpoenaed here (bank statements, checkbooks, canceled checks, savings books and records of certificates of deposit, records of stocks and bonds, deeds, vehicle registration certificates, and insurance policies), it appears that most of these documents are not of a type created by the taxpayer, and thus it is not likely that any testimonial evidence would be sought in the form of these documents. See, Fisher v. United States, 425 U.S. at 409.

8

1    Further, it is established that a person claiming the Fifth
2 Amendment privilege must present himself for questioning with the
3 records and must specifically claim the privilege with respect to
4 each question and each record. United States v. Drollinger, 80
5 F.3d 389, 392 (9th Cir. 1996); see, United States v. Brown, 918
6 F.2d 82, 84 (9th Cir. 1990).

7    In summary, it is concluded that Respondent has not made out
8 his claim concerning the Fifth Amendment.

9    Respondent argues that for the reasons discussed above, the
10 "debt" is "in question to its validity." (Status Report, Doc. 20,
11 p. 2.) He asserts that he has "demanded Revenue Officer Marilyn
12 Collins provide a Verification of the Debt" (id. p. 2) pursuant
13 to 15 U.S.C. § 1692.[1] Section 1692 is part of the Fair Debt
14 Collections Practices Act. However, it does not appear that the
15 IRS qualifies as a debt collector within the meaning of that
16 statute because a debt collector is defined as a "person," and
17 the statute specifically excludes "any officer or employee of the
18 United States... to the extent that collecting or attempting to
19 collect any debt is in the performance of his official duties."
20 15 U.S.C. § 1692a(6)(C). Further, Respondent has not established
21 any violation of 26 U.S.C. § 6304 (concerning fair tax collection
22 practices). Accordingly, Respondent has stated no grounds for
23 abating the proceeding, as requested in the status report, until
24 Respondent receives valid proof of various matters, such as the
25 verification of the debt, of the agent's authority, and of the
26 agent's and the IRS's registration to do business.

---

[1] One of the documents filed by Respondent at the time he filed his status report was a notice of demand for verification of the debt. (Doc. 22.)

9

Further, because of the foregoing analysis, the notice of demand for verification of the debt filed by Plaintiff on November 9, 2009, will not affect the Court's enforcement of the summons.

Respondent also has filed a notice of correction for fraud, which the Court has reviewed; it relates to Respondent's alleged misnomer on a birth record and does not appear pertinent to the present proceedings.

In summary, the Court finds that Respondent has not established any basis to deny enforcement of the IRS summons.

The Court concludes that enforcement of the summons should be ordered.

III. Recommendation

Accordingly, it IS RECOMMENDED that

1) Petitioners' petition to enforce the IRS summons BE GRANTED; and

2) Respondent BE ORDERED to appear before Revenue Officer Collins on January 13, 2010, at 10:00 a.m., at the United States Attorney's Office at 2500 Tulare Street, Suite 4401, Fresno, California, 93721, to provide testimony, and to bring with him and produce for examination documents in obedience to the summons that issued on August 12, 2008.

This report and recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections

with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 16, 2009**                    /s/ Sandra M. Snyder
                                              UNITED STATES MAGISTRATE JUDGE